UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. TBD

ELIZABETH WABA-DANIELS,

    Plaintiff,

vs.

THE CITY OF ORLANDO,

    Defendant.

---

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

---

COMES NOW Plaintiff Elizabeth Waba-Daniels, by and through undersigned counsel, and for her cause of action against Defendant the City of Orlando, states and alleges as follows:

### NATURE OF THE CASE AND THE PARTIES

1. This is a civil action for damages and other relief against Defendant the City of Orlando under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and under section 504, 29 U.S.C. § 794, in particular, as well as under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

2. Plaintiff Elizabeth Waba-Daniels ("Waba-Daniels") an individual, is a resident of the middle district of Florida.

3. Plaintiff is currently employed by the Defendant as of the date of filing this

1

action.

4. At all times relevant the City of Orlando was a governmental agency operating in Orlando, Orange County, Florida.

5. Defendant The City of Orlando ("OPD" or "Employer") is a political subdivision of the State of Florida, but is not an agency of the State government and is not subject to administrative direction or control by the regents or by any department, commission, board, bureau, or agency of the State.

6. The Orlando Police Department ("OPD" or "Department") was a department of the City of Orlando and during all relevant times, OPD was Plaintiff's employer within the meaning of all applicable statutes.

## JURISDICTION AND VENUE

7. The parties to this action reside in and regularly do business within the jurisdiction of this Court. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S. Code § 1343 and 42 U.S.C. § 2000e-5(f)(3).

8. In addition, this Court has supplemental jurisdiction over the Florida Law Against Discrimination claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3), because OPD maintains offices in this district, conducts

business in this district, and a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this district, and because the alleged unlawful employment practices were committed here, and employment records relevant to those practices are maintained and administered here.

10. Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to her Title VII claims. Plaintiff filed a charge of gender discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). By notice dated June 17, 2019, the EEOC issued a Notice of Right to Sue. This complaint is made within ninety days of the Notice of Right to Sue, copies of which are attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

11. Plaintiff is currently, has been employed as a Police officer by the City of Orlando Police Department beginning on November 11, 2013.

12. Prior to beginning her employment the Plaintiff was required to satisfactory complete a pre-employment physical. The Plaintiff completed the physical and began her a career as a Police Officer for the City of Orlando.

13. On May 3, 2018, Plaintiff was injured in the line duty when she was thrown from a horse while on mounted duty. As a result of the aforementioned accident Plaintiff sustained severe injuries including an injuries to her pelvis, a labral tear, a broken back, a prolapse uterus and a prolapse to her bladder. Plaintiff injuries required surgical intervention including a partial hysterectomy.

14. Plaintiff experiences consistent symptoms and related to the injury to her pelvis, back and lower abdomen; likewise she will forever be unable to have children. Due to the injuries sustained in the performance of her duties, Plaintiff is an individual with a disability.

15. Plaintiff applied for an in the line of duty pension on May 3, 2019, however OPD has not conducted any hearings on the matter. Plaintiff believes such delay has been a result of her vocal criticisms of OPD's policies and her filing of an EEOC complaint and her utilization of the Workers Compensation system to address her injuries.

16. Police Officers who are permanently and totally disabled may apply for a disability pension with OPD's Retirement Board.

17. OPD's Retirement Board permits the OPD police chief to place some applicants in a permanent limited duty position in lieu of granting her medical pension.

18. OPD maintains no clear-cut or defined criteria for the selection of permanent limited duty.

19. OPD has a pattern/practice of denying its female employees' medical pension applications while granting its male employees' medical pension applications for the same or similar injuries.

20. Disabled OPD female employees are placed in permanent limited duty positions whereas males are granted a disability pension.

21. OPD subjects disabled female employees to different terms and conditions of employment as opposed to her male counterparts.

    (a) Injured or disabled females are assigned tasks that are mainly administrative/secretarial in nature whereas males are afforded less restrictive and more prestigious positions.

    (b) Injured males have been allowed to take home vehicles while injured whereas disabled females have been denied the same request

22. Likewise OPD subjects disabled female employees to different terms and conditions of employment as opposed to non-disabled employees.

    (a) Disabled female employees are often denied authentic, substantive performance reviews from her superiors.

    (b) Disabled employees may have trainings cancelled at the will of the supervisor.

    (c) Disabled employees are subjected to the denial of promotions, despite scoring at the same level or above non-disabled counterparts on the standardized exam.

23. OPD engages in systematic pattern of harassment when any of the aforementioned discriminatory practices are called into question. Such retaliation has included:

    (a) Shift changes

    (b) Harassment

    (c) Frivolous disciplinary

    (d) Threats of termination

    (e) Termination

24. All of the aforementioned harassment committed by OPD occurred contemporaneously to the employee filing a claim for benefits under the Florida Workers Compensation system.

25. During the period of time reflect in this complaint, OPD either denied requests for reasonable workplace accommodation or created a de facto denial of such requests by selecting work assignments highly unfavorable or that involve conditions equally as harmful to the Plaintiffs disabled status.

## **CLAIM FOR RELIEF**

### **COUNT I**
(Violation of the Rehabilitation Act 29 U.S.C. § 794)

26. Plaintiff incorporates the preceding paragraphs as alleged above.

27. OPD is an entity that receives federal financial assistance and is a covered entity for purposes of § 504 of the Rehabilitation Act. As such, OPD is prohibited from discriminating against any "qualified individual with a disability."

28. Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability.

29. Plaintiff's particular disability is a permanent condition that has severely impacted her ability to live and work. A condition which substantially limits one or

...

more of her major life activities and/or major bodily functions.

30. OPD violated section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by either harassing, discriminating against, or denying Plaintiff's pension because of her actual disability, her perceived disability, or her record of impairment.

31. As a result of OPD's actions, Plaintiff has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

32. Plaintiff is entitled to her attorneys' fees and costs incurred in this matter pursuant to 29 U.S.C. § 794a.

33. Plaintiff is entitled to any and all relief permitted under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, including equitable relief.

## COUNT TWO

(Violation of the Americans with Disabilities Act 42 U.S.C. §§ 12112 to 12117.)

34. Plaintiff incorporates the preceding paragraphs as alleged above.

35. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that she has a condition, with which OPD perceives her to have a disability, she has the requisite education to perform and can perform the essential functions of a Police officer, and holds the position as a Police officer.

36. OPD is an "employer" within the meaning of 42 U.S.C. §§ 12111(5) in that it is engaged in an industry affecting commerce and has more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding

years. Thus, it is also a covered entity within the meaning of 42 U.S.C. §12111(5).

37. Plaintiff is an employee of OPD within the meaning of 42 U.S.C. § 12111(4).

38. Prior to and at the time that OPD harassing, discriminating against, or denying Plaintiff's opportunity to pursue a pension, Plaintiff was qualified for in her employment as a Police officer.

39. Harassment, discrimination, and denying Plaintiff's opportunity to pursue a pension was a result of the Plaintiff's actual or perceived disability, thus OPD is in violation of 42 U.S.C. § 12112.

40. Specifically, OPD's discriminatory actions included, but were not limited to:

(a) limiting, segregating, or classifying Plaintiff in a way that adversely affected her opportunities or status because of her actual or perceived disability within the meaning of § 12112(b)(1);

(b) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A);

(c) not making reasonable accommodations for the known physical limitations of Plaintiff, an otherwise qualified individual with a disability who is an employee, despite the fact that doing so would not impose an undue hardship on the operation of OPD's business within the meaning of § 12112(b)(5)(A);

(d) denying employment opportunities to Plaintiff based on OPD's need to

make reasonable accommodations for her physical impairments within the meaning of § 12112(b)(5)(A); and

(e) using qualification standards, or other selection criteria that screened out or tended to screen out individuals with disabilities, despite the fact that doing so was not consistent with business necessity, within the meaning of § 12112(b)(6).

41. Plaintiff has been damaged by OPD's violation of the ADA in as much as Plaintiff has been unable to use her education and training as a Police officer, and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

42. Plaintiff is entitled to her attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

43. Plaintiff is entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## COUNT THREE

(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)

44. Plaintiff incorporates the preceding paragraphs as alleged above.

45. Plaintiff has filed a timely charge with the EEOC and has thus exhausted her administrative remedies.

46. OPD has engaged in an intentional, agency-wide, and systematic policy, pattern, and/or practice of discrimination against its female Police Officers.

47. OPD has intentionally discriminated against Plaintiff in violation of Title VII by, among other things:

   (a) Utilizing a biased rating system for determining permanent limited duty position in lieu of granting a medical pension;

   (b) Utilizing a biased compensation system;

   (c) Utilizing a biased promotion system;

   (d) Failing to take reasonable and adequate steps to prevent and correct the use of standardless, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

48. These agency-wide policies are intended to and do have the effect of:

   (a) Denying Plaintiff the opportunity to retire because of her gender;

   (b) Failing to promote her because of her gender;

   (c) In turn compensating her less because of her gender;

   (d) Evaluating her performance more negatively because of her gender; and

   (e) Providing her with inferior terms and conditions of employment as a result of discriminatory performance measures that systematically disadvantaged her because of her gender.

49. The discriminatory acts that constitute OPD's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

50. As a direct result of OPD's discriminatory policies and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past

and future income, compensation, and benefits.

51. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

52. Plaintiff requests relief as hereinafter described.

## **COUNT FOUR**

(Violation of FL. ST. §760.10 Unlawful Employment Practices)

53. Plaintiff incorporates the preceding paragraphs as alleged above.

54. The FCRA, Fla. Stat. §760.10(1)(a), provides in pertinent part:

> It is an unlawful employment practice for an employer: (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

55. Plaintiff has filed a timely charge with the FEPA and EEOC and has thus exhausted her administrative remedies.

56. OPD has engaged in an intentional, agency-wide, and systematic policy, pattern, and/or practice of discrimination against its female Police Officers.

57. OPD has intentionally discriminated against Plaintiff in violation of Fla. Stat. §760.10 by, among other things:

    (a) Utilizing a biased rating system for determining permanent limited duty position in lieu of granting a medical pension;

    (b) Utilizing a biased compensation system;

    (c) Utilizing a biased promotion system;

  (d) Failing to take reasonable and adequate steps to prevent and correct the use of standardless, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

58. These agency-wide policies are intended to and do have the effect of:

 (a) Denying Plaintiff the opportunity to retire because of her gender;

 (b) Failing to promote her because of her gender;

 (c) In turn compensating her less because of her gender;

 (d) Evaluating her performance more negatively because of her gender; and

 (e) Providing her with inferior terms and conditions of employment as a result of discriminatory performance measures that systematically disadvantaged her because of her gender.

59. The discriminatory acts that constitute OPD's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

60. As a direct result of OPD's discriminatory policies and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

61. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

62. Plaintiff requests relief as hereinafter described.

## COUNT FIVE

<u>(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq Retaliation)</u>

63. Plaintiff incorporates the preceding paragraphs as alleged above.

64. Plaintiff has timely filed a charge with the EEOC alleging retaliation claims and has thus exhausted her administrative remedies.

65. Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of OPD's discriminatory policies and practices.

66. OPD took adverse actions against Plaintiff with the purpose of retaliating against her because of her participation in protected activities, and Plaintiff suffered damages as a result of that conduct.

67. As a direct and proximate result of the Employer's actions, Plaintiff has suffered severe physical, mental emotional distress, lost wages and incurred other damages

68. Plaintiff requests relief as hereinafter described.

## COUNT SIX

<u>(Violation of FL. ST. §760.10(7) Retaliation)</u>

69. Plaintiff incorporates the preceding paragraphs as alleged above.

70. The FCRA, Fla. Stat. §760.10(1)(a), provides in pertinent part:

(7) It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice

which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

71. Plaintiff has timely filed a charge with the FEPA and EEOC alleging retaliation claims and has thus exhausted her administrative remedies.

72. Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of OPD's discriminatory policies and practices.

73. OPD took adverse actions against Plaintiff with the purpose of retaliating against her because of her participation in protected activities, and Plaintiff suffered damages as a result of that conduct.

74. As a direct and proximate result of the Employer's actions, Plaintiff has suffered severe physical, mental emotional distress, lost wages and incurred other damages.

75. Plaintiff requests relief as hereinafter described.

## COUNT SEVEN

(Violation of FL. ST. §440.205 Retaliation)

76. Plaintiff incorporates the preceding paragraphs as alleged above.

77. Section 440.205, Florida Statutes reads:

Coercion of employees. – No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

78. Accordingly, Employers cannot discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

79. Plaintiff, by filing valid workers' compensation claims, engaged in statutorily protected activities.

80. Defendant's actions noted herein violated Section 440.205, Florida Statutes.

81. As a direct and proximate result of the Employer's violations of Section 440.205, Florida Statutes, Plaintiff has suffered severe physical, mental emotional distress, lost wages and incurred other damages.

82. The aforementioned damages and losses are either permanent or continuing.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, including loss of earnings, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems just and proper.

Furthermore, Plaintiff specifically prays that Defendant be enjoined from failing or refusing to:

1) provide sufficient remedial relief to make whole Plaintiff for the losses she has suffered as a result of the discrimination against her as alleged in this Complaint, including  retroactive seniority, payment of back pay with interest, pension, and related

benefits;

2) and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

## JURY DEMAND

Plaintiff further demands a trial by jury on all issues so triable.

Dated: August 10, 2019.

Respectfully submitted,

                              Jeffrey E. Appel, Esq.
                              Appel Law Group, P.A.
                              Post Office Box 6097
                              Lakeland, FL 33807-6097
                              (863) 644-4003 phone
                              (863) 644-9065 fax
                              jappel@appellawgroup.com

                              **By:** s/. Jeffrey E. Appel, Esq.
                              FBN:  994030